IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**JACQUELINE ARGARIN**                                             **PLAINTIFF**

vs.                                        No. 1:20-cv-183

**DM TRANS, LLC**                                           **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Jacqueline Argarin ("Plaintiff") by and through her attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against DM Trans, Inc., she does hereby state and allege as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff proper overtime compensation for all hours that Plaintiff worked.

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. The acts alleged in this Complaint had their principal effect within the Austin Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.     THE PARTIES

6. Plaintiff is a citizen, resident and domiciliary of Comal County.

7. Plaintiff has been employed by Defendant as a salaried employee since August of 2018.

8. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

9. Defendant is a domestic limited liability company.

10. Defendant does business as Arrive Logistics.

11. Defendant's registered address for service is Manish Patel, at 200 East Sixth Street, Suite 209, Austin, Texas 78701.

12. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

13. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

14. Plaintiff regularly in the course of her work for Defendant handles, sells, or otherwise works on goods or materials that had been moved in or produced for commerce.

### III. FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

16. At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

17. At all times material herein, Plaintiff has been misclassified by Defendant as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

18. During the period relevant to this lawsuit, Plaintiff has worked as a "carrier operations manager" at Defendant's location in Austin.

19. At all relevant times herein, Defendant directly hired Plaintiff to work in its office, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. Plaintiff is primarily responsible for contacting current and potential clients to sell freight.

21. Plaintiff spends the majority of her time in Defendant's office.

22. Defendant makes the decision as to who Plaintiff will be calling and what she will be selling.

23. Plaintiff does not exercise independent judgment as to matters of significance in carrying out her duties.

24. Plaintiff has no authority to hire or fire other employees.

25. Defendant misclassified Plaintiff as exempt from the FLSA and pays her a salary.

26. Plaintiff regularly works more than forty (40) hours in a week.

27. Defendant does not pay Plaintiff one and one-half (1.5) times her regular rate for all hours worked over forty (40) in a week.

28. At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours she worked over forty (40) per week.

29. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## IV.  CAUSE OF ACTION
### (Violation of the FLSA)

30. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

31. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

32. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

33. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

34. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

35. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

36. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

37. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

38. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jacqueline Argarin respectfully prays as follows:

A. That Defendant be summoned to appear and answer herein;

B. Declaratory judgment that Defendant's practices alleged herein violate the FLSA;

C. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

D. Judgment for liquidated damages pursuant to the FLSA;

E. For a reasonable attorney's fee, costs, and all interest; and

F. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JACQUELINE ARGARIN**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

/s/ Merideth Q. McEntire
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com